IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:   )   CASE NO. BK10-80782-TJM
   )
KIMBERLY LOUISE BRADFORD,   )   CH. 13
   )
   Debtor(s).   )

ORDER

Hearing was held in Omaha, Nebraska, on February 20, 2012, regarding Fil. #67, Motion for Relief from Stay, filed by Habitat for Humanity of Omaha, Inc., f/k/a Omaha Habitat for Humanity, and Fil. #73, Resistance, filed by the debtor. Robin Plathe appeared for the debtor and Eric Adams appeared for Habitat for Humanity.

In December of 1997, the debtor executed a promissory note in favor of Habitat for Humanity of Omaha, Inc. ("Habitat") and secured the indebtedness by executing a deed of trust. Sometime prior to the filing of the bankruptcy petition in March of 2010, the debtor became delinquent on the note payments. She included the delinquency in her Chapter 13 plan but, since the summer of 2011, she has been unable to make complete monthly payments and unable to cure the post-petition delinquency.

Habitat filed a motion for relief from the automatic stay in 2011 and the matter was resolved by an agreement which, unfortunately, was not reduced to writing and executed by the debtor.

Habitat has now filed another motion for relief from the automatic stay and shows the court that the debtor has continued to fail to make regular monthly payments or to make any cure payments, but for approximately $400 paid in two installments in November of 2011 and January of 2012. It is the position of Habitat that it is not being adequately protected because it is not receiving payments.

The debtor, through her affidavit, explains that for a period of time she was unemployed and unable to make the payments. She has become employed at a reduced salary and she believes that she now can make the regular payments and the cure payments. She asserts that she has significant equity in the property which is shown on the schedules at a value of $57,000 and the current debt to Habitat is approximately $22,000.

Ms. Bradford has provided to her attorney a check in the amount of $1,200 as a good faith payment to be delivered to Habitat and she proposes in her affidavit at Fil. #76 to deliver the $1,200 to Habitat to be applied on the delinquency; to pay $366 per month for nine months which would be paid by the end of each month, beginning in March of 2012; and to make the regular monthly payment of $356 in the beginning of the month and no later than the 16th of each month.

I find that the offer made by the debtor is satisfactory and that relief from the stay shall be denied. However, the denial is without prejudice and if the debtor fails to make the payments as proposed and becomes delinquent for a period of two months at any time prior to the delinquency being cured, Habitat may request relief from the stay and it will be granted without further hearing.

IT IS ORDERED that the Motion for Relief from Stay, Fil. #67, is denied without prejudice. The debtor shall deliver to Habitat a good faith payment of $1,200 to be applied to the delinquency,

shall pay $366 per month for nine months by the end of each month beginning in March of 2012, and shall make the regular monthly payment of $356 in the beginning of each month. If the debtor fails to make the payments as proposed and becomes delinquent for a period of two months at any time prior to the delinquency being cured, Habitat may request relief from the stay and it will be granted without further hearing.

DATED:    February 24, 2012

BY THE COURT:

/s/   Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  Robin Plathe
  *Eric Adams
  Kathleen Laughlin
  U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.